DANIEL G. BOGDEN
United States Attorney
Nevada Bar #2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar #1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile:  (702) 388-6787
Counsel for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:05-cr-0199-PMP-LRL |
| SCOTT A. THOMAS, | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION FOR AN ORDER EXTENDING THE TIME TO RESPOND TO THE PETITION OF INTEREST FILED BY LAURA PHILLIPS (23) AND THE PETITION OF INTEREST FILED BY THE BANKRUPTCY TRUSTEE (24)**
**(Second Request)**

The United States of America, by and through its undersigned counsel, respectfully moves this Honorable Court for an Order extending the time for the United States to respond to the Petition of Interest filed by Laura Phillips (Docket #23) pursuant to 21 U.S.C. § 853(n) and the Petition of Interest filed by Timothy S. Cory, Successor Bankruptcy Trustee to the Former Bankruptcy Trustee, Richard A. Davis (#24) pursuant to 21 U.S.C. § 853(n) in the above-entitled criminal forfeiture action. This is the second request for an extension of time. The current deadline to respond to the Petitions is September 29, 2006. #27, #28. The United States Attorney's Office for the District of Nevada requests an extension of time to December 15, 2006.

The grounds for extending the time are as follows.

No assets exist in the criminal case.

The assets were seized with civil seizure warrants. Administrative claims were filed in the civil administrative forfeiture proceedings. The United States brought civil judicial in rem forfeiture actions against the assets: *United States v. $650,000.00 in United States Currency*, 2:03-cv-0563-PMP-LRL and *United States v. $50,089.46 in United States Currency*, 2:03-cv-0564-PMP-LRL. The assets are actually in the two parallel civil cases. In *United States v. $650,000.00*, 2:03-cv-0563-PMP-LRL, the Default and the Default Judgment of Forfeiture have been entered as to all the potential claimants except Chrysona Phillips and Timothy S. Cory, Bankruptcy Trustee. #28, #29, #30, #31. In *United States v. $50,089.46*, 2:03-cv-0564-PMP-LRL, the Default and the Default Judgment of Forfeiture have been entered as to all the potential claimants except Timothy S. Cory, Bankruptcy Trustee. #26, #27, #28, #29. However, in the ancillary hearing (which is civil in nature) in this parallel criminal case, although the United States has filed a Request to Enter Default, Declaration In Support of Request to Enter Default, and proposed Default (#30), the Default has not been entered as to all the potential claimants except Chrysona Phillips and Timothy S. Cory, Bankruptcy Trustee. Docket Sheet. Until the Default is entered as to all the potential claimants except Chrysona Phillips and Timothy S. Cory, Bankruptcy Trustee, the Motion for Default Judgment of Forfeiture and the Default Judgment of Forfeiture cannot be filed, cannot be signed, and cannot be entered.[1]

---

[1] Although it is a criminal case, the provisions of Fed. R. Civ. P. 55 apply to the ancillary forfeiture proceeding because ancillary forfeiture proceedings are considered civil in nature and, therefore, are governed by the Federal Rules of Civil Procedure. *See United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 n. 4 (9th Cir. 1996) (holding that "the third party proceeding is *civil* in nature" and, therefore, Fed. R. App. P. 4 determines the timeliness of an appeal from the denial of a third-party petition under 21 U.S.C. § 853(n)); *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (holding that a third-party claim in a proceeding ancillary to criminal forfeiture is to be considered a civil action for purposes of permitting an award of attorney's fees under the Equal Access to Justice Act); *United States v. BCCI Holdings (Luxembourg) S.A.*, 69 F. Supp. 2d 36, 54-55 (D.D.C. 1999) (because the ancillary proceeding is essentially civil in nature, "the Court adopted and adapted the Federal Rules of Civil Procedure" to impose sanctions under Fed. R. Civ. P. 11, to allow dispositive motions under Fed. R. Civ. P. 12 and 56, to permit civil discovery, and to allow appeals by third parties from denial of claims under Fed. R. Civ. P. 54(b)).

1  The United States requests the District Court to enter the Default and the Default Judgment of Forfeiture in the ancillary hearing in this criminal case before the motions in response to the claims and answers and the replies to the counterclaims in the civil cases and the motion to and the stipulation concerning the verified petitions in the criminal case are filed. The United States wants to insure none of the potential claimants in the criminal ancillary hearing will belatedly file a verified petition in the criminal case demanding the $391,788.00 after the United States stipulates to return and returns the $391,788.00 to Chrysona Phillips. In other words, the United States wants to avoid being liable twice or more for the $391,788.00: once to Chrysona Phillips and another time to potential claimants who believe the $391,788.00 should belong to them.

The United States also requests the District Court to address both civil cases and the criminal case at the same time. If a hearing is required, the United States requests to have the hearing on the civil cases and the criminal case at the same time. The time to respond to the verified petitions in the criminal case is currently September 29, 2006.

Bonnie Jean Boyce, counsel for Timothy S. Cory, Bankruptcy Trustee, has made a proposed offer of settlement that the United States must analyze. It will take a couple more weeks to analyze the proposed offer. The United States may accept the offer, may make a counteroffer, or may reject the offer. If a settlement can be reached, it will take at least five weeks from the time the parties agree to the settlement for a hearing before the Bankruptcy Court to approve the settlement. On September 29, 2006, Bonnie Jean Boyce, counsel for Timothy S. Cory, Bankruptcy Trustee, agreed to this extension of time. On September 29, 2006, Karen C. Winckler, counsel for Chrysona Phillips, agreed to this extension of time.

. . .

. . .

. . .

. . .

. . .

1  This motion is not submitted solely for the purpose of delay or for any other improper
2 purpose.
3  DATED this 29th day of September, 2006.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

 /s/DanielDHollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney



IT IS SO ORDERED:

[signature]

UNITED STATES DISTRICT JUDGE

DATED: October 2, 2006